UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| PHILLIP CLINE, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | Civil Action No. 7: 04-309-DCR |
| | ) | (Criminal Action No. 7: 01-56-DCR) |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent/Plaintiff. | ) | |

*** *** *** ***

This matter is pending for consideration of Petitioner Phillip Cline's Motion to Vacate, Set Aside or Correct his Sentence brought pursuant to 28 U.S.C. § 2255. [Record No. 73] Pursuant to local practice, the matter was referred to United States Magistrate Judge Peggy E. Patterson for a Report and Recommendation (R&R) pursuant to 28 U.S.C. §636(b)(1)(B). [Record No. 83] Cline timely filed objections to the Magistrate's Report and Recommendation. [Record No. 86] Having been fully briefed, the matter is now ripe for review. After considering the parties' respective positions, the Court agrees with the findings and recommendations of the Magistrate Judge. Therefore, Cline's Motion to Vacate and his request for an evidentiary hearing and the appointment of counsel will be denied.

## I. BACKGROUND

On November 15, 2001, Cline was indicted for carjacking, possession of firearms while subject to a domestic violence order (DVO), and using and carrying a firearm during and in relation to a crime of violence. [Record No. 15] On February 21, 2002, a jury convicted Cline

on all four counts regarding possession of a firearm as well as the carjacking charge. However, he was found not guilty of the "using and carrying" charge. [Record No. 58]

In August of 2002, Cline appealed his conviction. On appeal, he argued that this Court committed four distinct errors: (1) that the district court erred by accepting a state court judge's affidavit as evidence of the status of a DVO; (2) by granting a motion *in limine* which prevented the defense from challenging the status of the DVO at trial; (3) by failing to sever the carjacking and "using and carrying" charge from the four charges relating to the DVO; and (4) that the district court incorrectly determined various enhancements to his sentence. *United States v. Cline*, 362 F.3d 343 (6th Cir. 2004).[1] The Sixth Circuit disagreed with these contentions, and, on March 26, 2004, affirmed Cline's conviction. *Id.*

The Sixth Circuit characterized the facts of the case as follows:

> Defendant Phillip Cline (hereinafter "Cline") has a long history of domestic violence. His wife, Jeana Marcum (hereinafter "Marcum"), has sought protective orders against him on at least four occasions, and the pair's last attempt at reconciliation led to the incidents at issue in this case.
>
> In April of 2001, renewed contact between husband and wife led Marcum to seek an amendment to the domestic violence order then in place against Cline. That order, entered December 12, 2000 and scheduled to terminate December 12, 2003, required Cline to stay at least 500 feet away from Marcum and members of her family, not to commit further acts of domestic violence, and not to dispose of or destroy jointly held property. Pursuant to Marcum's claim that she and Cline had "worked everything out," the Martin County District Court amended the prior order, removing the "stay away" and "no contact" provisions. All other provisions of the December 2000 order remained in force.
>
> Relations between Cline and Marcum quickly deteriorated, however, and on April 19, 2001, Marcum sought to reinstate the "no contact" and "stay away"

---

[1] Specifically, Cline challenged the two-level enhancement for carjacking, two-level enhancement for making a threat of death during a carjacking, and two-level enhancement for obstruction of justice.

provisions, citing new instances of abuse. This petition was denied when Marcum failed to appear at a hearing on the issue.

It is clear that Cline possessed and used firearms while the December 2000 order remained in effect. At trial, Marcum testified that she purchased guns in the "summertime" of 2001, and that she and Cline used them for deer hunting. Pawn broker Mark Jordan testified that Cline pawned a Norinco SKS on August 7, 2001, and that in July of that year he sold several guns to Marcum in the presence of Cline.

On August 11, 2001, Cline and Marcum sat drinking beer and talking, at the trailer of Okey DeLong in Martin County. Also in attendance were Butch Crum, Regina "Tiny" Newsome, and Newsome's son, Kenny. Luther Smith arrived while Crum and Newsome were away on a beer run.

Inexplicably, the tenor of the conversation between Cline and Smith began to change, from "joking around" and "kidding around," to heated and angry. Cline began to direct his anger toward Marcum, threatening to knock her through a nearby wood shed and the like. Fearing for her safety, Marcum instructed Kenny to survey the proceedings, and to call 911 or the sheriff's office if Cline became violent. Cline commenced hitting Marcum all the same, and so Marcum seized the first available opportunity (when Cline went inside to use the restroom) to plead with Smith: "I told Luther to please help me . . . I knew [Cline] was drinking, and I knew he was going to hurt me."

Smith took Marcum at her word, and departed with her in his car while Cline was still inside the trailer. Unfortunately, Crum and Newsome soon returned, and offered their vehicle to Cline for use in pursuing his fleeing wife.

The three pursuers caught up with Smith and Marcum "on a nearby road," and mayhem ensued. Cline pummeled Smith n1, leaving him unconscious in the road, and then seized Marcum's car, preventing her from escaping. He beat Marcum in the car, and then sped away, possibly over Smith's supine figure. (Smith died in the road, but not before being struck by at least one other passing car.) Marcum testified that Cline ignored her pleas and protestations, exclaiming "you want Luther that bad, you are going to get him, you are going to watch me run over him."

Cline then drove Marcum back to DeLong's trailer. Once inside the trailer, Cline exclaimed: "I've already killed Luther. You've seen too much. Now you are going to die, bitch." He continued to beat Marcum severely, cracking three ribs and her skull, inducing swelling in her brain, breaking her tailbone, and inflicting

> several large bruises. Cline may have succeeded in carrying out his threat to kill his wife, had the police not arrived to arrest him.

*United States v. Cline*, 362 F.3d 343, 347 (6th Cir. 2004) (citations omitted).

On August 30, 2004, Cline filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255, with a brief in support. [Record No. 73] The Magistrate Judge issued her R&R on May 18, 2005, recommending that Cline's motion to vacate be denied. [Record No. 83]

## II. STANDARD OF REVIEW

Jurisdiction for a petition filed pursuant to 28 U.S.C. §2255 is proper where "[the] prisoner in custody . . . move[s] the court which imposed the sentence to vacate, set aside or correct [his] sentence." The Court must determine whether this §2255 motion is "successive," as district courts lack jurisdiction over successive §2255 motions, absent authorization under 28 U.S.C. §2244(b)(3). *See In re Sims*, 111 F.3d 45 (6th Cir. 1997) (per curiam). A §2255 motion filed after April 24, 1996 is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Williams v. Taylor*, 529 U.S. 362 (2000). The AEDPA provides that a one-year period of limitations shall run from the date on which the "judgment of conviction" becomes final.

The standard of proof necessary to prevail on a motion to vacate sentence under 28 U.S.C. § 2255 depends on whether the prisoner is alleging an error based on a constitutional right. Where the prisoner is alleging a non-constitutional error, the petitioner must show a "fundamental defect" in the criminal proceedings that resulted in a "complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109

(6th Cir. 1994). Where he alleges an error of constitutional magnitude, he must show from the court record that the alleged error had "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507, U.S. 619, 637 (1993).

A district court may deny a § 2255 motion to vacate where the petitioner is using that motion to relitigate an issue that was previously raised and considered on appeal. *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974), *cert. denied* 423 U.S. 861 (1975); *see also Van Buskirk v. United States,* 343 F.2d 158, 159-60 (6th Cir. 1965). Before a Petitioner may present claims that he failed to raise on direct review, he must "establish[] cause" for the waiver and show[] "actual prejudice resulting from the alleged . . . violation." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *quoting Wainwright v. Sykes*, 433 U.S. 72, 84 (1977).

This requirement does not apply to claims of ineffective assistance of counsel, which are usually not cognizable on direct appeal. Generally, the record is inadequate to permit review of these claims, and as such are more properly reviewed in a §2255 proceeding. *United States v. Seymour*, 38 F.3d 261, 263 (6th Cir. 1994), *quoting United States v. Daniel,* 956 F.2d 540, 543 (6th Cir. 1992). ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue.")

A petitioner asserting ineffective assistance of counsel must show both that his counsel's performance was highly deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

the Sixth Amendment." *Id.* at 687. To satisfy the standard for constitutionally adequate performance, the attorney must provide "reasonably effective assistance." *Id.* Further, to prove ineffectiveness, a petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. A Petitioner must then show that there is a reasonable probability that, but for counsel's inadequate performance, the results would have been different. *Id.* at 687. The court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 689; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

**III. LEGAL ANALYSIS**

For jurisdiction to be proper for a motion brought pursuant to 28 U.S.C. §2255, it must be brought in the same court which originally imposed the sentence. Cline was convicted in this Court on February 21, 2002, and sentenced thereafter. Therefore, he has brought his motion to vacate in the appropriate court. Additionally, the current motion is not successive. Therefore, this Court has jurisdiction over Cline's motion.

Cline has alleged three different deficiencies in his trial and subsequent appeal. He has alleged his counsel was constitutionally ineffective at four different stages of the proceeding, that he is entitled to a new trial based on retroactive misjoinder, and that his sentence was deficient under *Blakely*. Cline has also asked for a hearing and appointment of counsel. As Cline's claim of retroactive misjoinder is based on whether ineffective assistance of counsel rendered parts of his conviction invalid, the Court will first review whether the challenges regarding his attorney's

performance. The Court will then address Cline's claims of retroactive misjoinder before addressing the propriety of his sentence. Finally, the Court will address whether a hearing is necessary, and whether Cline is entitled to counsel.

### A. Ineffective Assistance of Counsel

#### 1. Failure to file a Rule 29 motion

Cline's asserts that his counsel was ineffective for failing to argue under Federal Criminal Rule 29 that the government failed to prove an element of an offense charged under 18 U.S.C. §922(g)(8), possessing a firearm while the subject of a DVO. He argues that the government failed to prove an element of the offense, and that his attorney was ineffective for failing to file a motion for a judgment of acquittal, or to raise the issue on direct appeal. The Court will deny this claim of ineffective assistance of counsel because Cline has failed to show that his counsel's performance was deficient. Alternatively, this claim will be denied because Cline has already had this issue decided adversely to him on direct appeal. Therefore, he may not re-litigate the issue in this §2255 petition.

Cline also claims that the government failed to present evidence that he was given notice of a hearing and the opportunity to be present on the DVO. He further contends that, given the government's failure, his counsel should have moved for a Rule 29 motion for a judgment of acquittal. Cline asserts that this failure to do so was ineffective. However, given the evidence that was presented at trial, Cline has failed to show that his counsel was deficient. Effective assistance of counsel does not require that a lawyer file every motion his client requests, but only

those having a solid foundation. *United States v. Hines*, 470 F.2d 225, 232 (3d Cir. 1972), *cert. denied*, 410 U.S. 968 (1973).

A petitioner must show that his counsel's failure to file such a motion was objectively unreasonable. At trial, the government presented the testimony of a sheriff's deputy who served one of the emergency protective orders (EPO). The deputy testified that he told Cline of the date for the hearing regarding the DVO. [Record No. 83] The government also presented the testimony of Cline's wife, who testified that Cline was served with an EPO which had the date of the hearing printed on its face. Additionally, Cline testified that he was aware he could not have a gun while the subject of the DVO. [Record No. 78]

To determine whether sufficient notice of a hearing has been given to trigger the firearms ban under 18 U.S.C. §922(g)(8), the "statute straightforwardly requires that the subject of the court order be given actual notice of the proceeding and an opportunity to participate." *United States v. Calor*, 340 F.3d 428, 431 (6th Cir. 2003) In *Calor*, the actual notice requirement was met by proof of a summons written into an EPO that had been presented to the defendant. This is nearly identical to the proof presented during Cline's trial. There was, therefore, more than sufficient evidence that Cline had actual notice of the hearing on the DVO, and could have participated had he so chosen. His counsel's failure to make a Rule 29 motion which would have been overruled does not constitute deficient performance.

As noted above, to satisfy the two-prong test of *Strickland*, Cline must show that his counsel was ineffective and that, but for that ineffectiveness, the outcome would have been different. 466 U.S. 668. As Cline is unable to show that counsel's performance was deficient,

the Court need not address in detail the second prong of the *Strickland* test. However, the Court notes that. given the evidence at trial, a Rule 29 motion would surely have been denied. Therefore, he cannot demonstrate that even if his counsel had filed the motion, the outcome would have been different.

Alternatively, Cline's first claim of ineffective assistance of counsel will be denied because he has already raised this claim on direct appeal. Prior to trial, Cline filed a motion to dismiss, arguing that the United States failed to make out a *prima facie* case under 18 U.S.C. §922(g)(8). [Record No. 25] Additionally, in an objection to a United States motion *in limine*, Cline argued that the United States was not entitled to ask the Court to make this legal finding as it was clearly an element of the offense to be decided by the jury. [Record No. 31] The Court overruled the motion *in limine*, and in both Cline's brief on direct appeal and the United States response, the motion was fully briefed. The Court's decision was upheld by the Sixth Circuit, which concluded that:

> In fact, Cline acknowledged that the DVO issue was an appropriate matter for pretrial resolution. On January 25, 2002, Cline filed a Motion to Dismiss Counts 2-5 of the indictment, arguing that he "was not under a domestic violence order at the time of the incident in question." J.A. at 103. [] In denying Cline's motion, the district judge properly ruled on his DVO status as a matter of law. J.A. at 108-116; cf. *Craft*, 105 F.3d at 1126. Cline cannot now complain that the judge was not permitted to do so, merely because he is unsatisfied with the decision.
>
> Determining the legal meaning of [**12] the DVO did not require trial of the general issue of guilt on any count and thus did not invade the province of the jury. *Cf. Craft*, 105 F.3d at 1126; *United States v. White Horse*, 807 F.2d 1426, 1430 (8th Cir. 1986). The jury instructions properly set forth each element of 18 U.S.C. § 922(g)(8), and the jury was instructed to determine whether the government had proved each element beyond a reasonable doubt. Therefore, no abuse of discretion occurred.

*Cline*, 362 F.3d 343, 349

Cline has previously challenged the propriety of the DVO on direct appeal. The determination of whether the DVO was in effect must include a determination of whether Cline had notice of the hearing regarding the DVO, as without that notice the DVO could not have been valid. This Court determined that Cline was subject to the DVO, a determination which the Sixth Circuit upheld on direct appeal. Therefore, Cline is barred from raising the issue again on collateral appeal.

**2. Failure to Prepare Petitioner to Testify**

Cline also argues that his counsel's performance was ineffective because his attorney failed to adequately prepare him to testify. Due to this lack of preparation, Cline took the stand and gave testimony which amounted to a virtual confession to the §922(g)(8) charges. Cline argues that he was prejudiced by his testimony because, but for his "virtual confession", he would not have been convicted. However, Cline cannot establish that he was actually prejudiced by his testimony at trial, given the weight of other testimony presented by the government.

During trial, the government offered testimony of at least five witnesses that Cline had possessed, purchased, pawned and/or fired a firearm while he was subject to a DVO. [Record No. 83] Cline contends that the jury may not have believed the other witnesses, and that it was his own testimony which led to his conviction. [Record No. 86] This Court disagrees with this contention. While it is certainly true that Cline's statements did not convince the jury of his innocence, in light of the overwhelming weight of other evidence presented by the prosecution, there is no reasonable probability that the outcome of the trial would have been different had

Cline not testified. *See Crisp v. Duckworth*, 743 F.2d 580 (7th Cir. 1984). Cline's claim of ineffective assistance of counsel due to a failure to prepare him fully to testify is denied.

**3. Failure to File a Petition for Writ of Certiorari**

Cline argues that his counsel's performance was ineffective by failing to file a petition for a writ of certiorari with the United States Supreme Court. [Record No. 73] He also contends that his counsel failed to advise him of his right to appeal the ruling of the Sixth Circuit denying his appeal. Cline contends that if he had been so advised, he would have directed his counsel to file a petition for certiorari. *Id.*

The Petitioner directs this Court to *Wilkins v. United States*, 441 U.S. 468 (1979) arguing that it stands for the general proposition that "a person whose federal conviction has been affirmed by a lower court is entitled to a lawyer's help in seeking certiorari." [Record No. 86] *Wilkins*, however, requires that a *court-appointed* attorney must represent a client seeking Supreme Court certiorari review of their federal conviction. (emphasis added) 55 A.L.R.2d 1072, *citing Wilkins* , 441 U.S. 468. The Supreme Court also notes that *Wilkins* presents a special case where the defendant requested that his counsel file a petition for certiorari, and is assured by counsel that the petition has been filed. In *Wilkins*, it was not until the defendant wrote the clerk nearly a year later that he learned his attorney had failed to file the petition. *Id.* at 468.

The Supreme Court has held that while defendants are entitled to be represented by counsel when pursuing appeals as of right, that entitlement does not extend to appeals in forums of discretionary review. *See Austin v. United States*, 513 U.S. 5, 8 (1994), *quoting Ross v.*

*Moffitt*, 417 U.S. 600, 616-617 (1974). Where a defendant's conviction has been affirmed by the Court of Appeals, the failure to file for discretionary review where the petition has no chance of success is not ineffective assistance of counsel. *Miller v. Keeney*, 882 F.2d 1428 (9th Cir. 1989); *U.S. v. Lauga*, 762 F.2d 1288 (5th Cir. 1985)

In a case similar to Cline's, the Supreme Court held that a Florida criminal defendant whose attorney failed to file for discretionary review in the Florida Supreme Court had not been deprived of effective assistance of counsel. *Wainwright v. Torna*, 455 U.S. 586 (1982) ("Since respondent has no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.") *see also United States v. Eisenhardt*, 10 F. Supp. 2d 521 (D.Md. 1998). Therefore, Cline's claim that his counsel was ineffective due to a failure to file a petition for a writ of certiorari with the United States Supreme Court will be denied.

**4. Failure to Initiate Plea Bargaining**

Finally, Cline claims that his attorney was ineffective because he failed to initiate plea bargaining with the government. Cline contends that, in some situations, defense counsel may have a duty to initiate plea negotiations. He argues that his counsel failed to do so in this case and, as a result, he should be given a chance to enter into negotiations now, with a new trial to result if negotiations fail.

As an initial matter, the Court notes that there is no constitutional right to plea bargain. *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). "The successful negotiation of a plea agreement involves factors beyond the control of counsel . . . including the cooperation of the

prosecutor, who has no obligation to offer such an agreement." *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000). Cline has not alleged that he instructed his counsel to explore a plea, nor is there any evidence that the government would have offered a plea. [Record No. 83] In short, Cline cannot demonstrate that his counsel's performance was unreasonable.

Likewise, Cline cannot show that he has been prejudiced by the failure of his counsel to negotiate a plea. As the Supreme Court noted in *Weatherford*, it is novel to suggest that a defendant is prejudiced by availing himself of his right to a trial by jury. 429 U.S. at 561. Cline does not allege that the outcome of his case would have been different had there been a plea, as he does not allege that the United States was interested in offering a plea. [Record No. 83] As Cline has no constitutional right to a plea bargain, nor can he demonstrate any prejudice, his claim of ineffective assistance of counsel for failure to negotiate a plea agreement will be denied.

**B. Retroactive Misjoinder**

Cline also argues that he should be granted a new trial on the car-jacking offense due to the ineffective assistance of his counsel because the charge under §922(g)(8) improperly prejudiced him. More specifically, he argues that if he had effective assistance of counsel, he would have been found not guilty of all four counts of possession of a firearm while the subject of a DVO, and that the jury's finding of guilt on the count of car-jacking was influenced from the other charges. Cline asserts that, since he was found not guilty of using an carrying a firearm while committing a crime of violence, and should have been judged not guilty on all four counts

of possession while the subject of a DVO, it was improper to join the car-jacking and firearms counts.

Cline's claim of retroactive misjoinder will denied on three alternative grounds. First, this Court's rejection of Cline's claims of ineffective assistance of counsel moots his claim of retroactive misjoinder. "Retroactive misjoinder arises when joinder of multiple counts was proper initially, but later developments . . . render the initial joinder improper." *United States v. Sims*, 46 Fed. Appx. 807, 813 (6th Cir. 2002), *quoting United States v. Aldrich*, 169 F.3d 526, 528 (8th Cir. 1999). In *Sims*, the defendant argued that because the evidence was insufficient at to some of the counts on which she was convicted, she had been prejudiced at trial on all other counts. The Sixth Circuit, in an unpublished opinion, held that as her claims of insufficiency of the evidence were denied, her claim of retroactive misjoinder was moot. *Sims*, 46 Fed. Appx. at 813. This is similar to the situation in the instant case. Inasmuch as the Court has not found any merit to Cline's claims of ineffective assistance of counsel, his assertion of retroactive misjoinder is without merit.

Second, Cline's claim of retroactive misjoinder is misplaced because he has previously raised this claim on direct appeal. Prior to trial, Cline moved to sever those counts of the indictment which related to the DVO. That motion was denied and the Court's decision was upheld on direct appeal. *Cline*, 362 F.3d 343.

As the Sixth Circuit noted on direct appeal:

> Yet Cline fails to establish (or even to argue) that joinder of the six Counts prejudiced him in any way. This omission is fatal to Cline's position, since Federal Rule of Criminal Procedure 14 requires prejudice for an order of separate

> trials, and "an appellant must show that the denial of his motion for severance of counts affected his 'substantial rights'."
>
> Additionally, the district court's limiting instructions, which asked the jury to separately consider the evidence for each count and not to decide Cline's guilt or innocence on one count based on its decision on another (with the exception of Count 6), minimized any possible prejudice.

*Cline*, 362 F.3d 343, 349-50. (citations omitted). As Cline has raised this claim on direct appeal, he is barred from re-litigating it in this petition.

Finally, as the Sixth Circuit noted in the above passage, Cline's claim of retroactive misjoinder is without merit. Cline alleges that he was prejudiced by the introduction of photographs and other documents pertaining to the firearms offenses. [Record No. 73] However, given the limiting instructions given by the court during trial and the fact that Cline was acquitted on one of the firearms counts, Cline cannot demonstrate that he was prejudiced by the Court's ruling..

**C. Blakely Claim**

In addition to the above arguments, Cline contends that his sentence is unconstitutional in light of the Supreme Court decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). Specifically, he argues that *Blakely* applies because his conviction was not final when that decision was rendered. Second, he asserts that, to the extent his counsel did raise this objection to his sentence, counsel was ineffective for not perfecting the argument for appeal to the Supreme Court. Third, he claims that *Blakely* should be applied retroactively to Cline's sentence. Again, each of Cline's claims is without merit.

*Blakely* specifically reserved judgment on the applicability of the Federal Sentencing Guidelines. 124 S. Ct. at 2538. In the wake of *Blakely*, the Sixth Circuit held that the decision was not applicable to the Federal Sentencing Guidelines. *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004), *vacated by* 125 S. Ct. 1944 (2005). It was not until the Supreme Court's ruling in *Booker*, *supra*, that the federal sentencing guidelines were found to be constitutionally infirm. 125 S. Ct. 738. As such, while *Blakely* does apply to Cline's case, he is not entitled to relief because the decision in *Booker* is not retroactive.

In *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit joined several others in holding that *Booker* does not apply retroactively to cases on collateral review. *See also McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). In *McReynolds*, the Seventh Circuit noted that as *Blakely* specifically reserved a ruling on the guidelines, *Booker* represented the establishment of a new rule, effective January 12, 2005. *Id.* at 481.

Cline's conviction became final on June 24, 2004, ninety days after the Sixth Circuit upheld his conviction. Accordingly, Booker does not apply to Cline's case on collateral review. Therefore, his *Blakely* claim is without merit and will be denied.

**D. Request for Counsel and Evidentiary Hearing**

A defendant has no absolute right to be represented by counsel on habeas review. *Wright v. West*, 505 U.S. 277, 293 (1992); *see also Lopez v. Wilson*, 355 F.3d 931, 933 (6th Cir. 2004). "Appointment of counsel in a civil case is . . . a matter within the discretion of the district court." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987), *quoting United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). In determining whether to appoint counsel on

collateral review, the Court should consider a number of factors, including whether petitioner's claims appear to have any merit and the ability of the indigent to present the case. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757 (6th Cir. 1984), *cert denied* 474 U.S. 1036 (1985); *see also McCarthy v. Weinberg*, 753 F.2d 836 (10th Cir. 1985) (per curiam). Here, Cline has made a clear presentation of his claims. However, those claims have no merit. Cline indicates an understanding of the applicable legal issues, and an ability to correctly cite to cases and the record. However, he cannot identify case law to support his propositions and allegations because such authorities cut firmly against his claims. As there are no unusual circumstances which warrant appointment of counsel, Cline's motion for appointment of counsel will be denied.

Likewise, Cline's request for an evidentiary hearing will be denied. Rule 8(a) of the Rules Governing §2255 Proceedings states:

> If the motion has not been dismissed at a pervious stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court action in the matter are in his possession, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

Under Rule 8, if the record in the case conclusively indicates that a petitioner is not entitled to relief, an evidentiary hearing need not be conducted. *Green v. United States*, 65 F.3d 546 (6th Cir. 1995), *cert denied*, 516 U.S. 1098 (1996). In making this determination, the court must accept the petitioner's allegations as true. *Mack v. United States*, 635 F.2d 20 (1st Cir. 1980). However, the petitioner bears the burden of proving he is entitled to a hearing by a

preponderance of the evidence. *Id.* For the reasons noted above, Cline cannot establish that he is entitled to a hearing. Therefore, his motion for an evidentiary hearing will be denied.

## IV. CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

1. The Court adopts and incorporates by reference the Report and Recommendation of the United States Magistrate Judge. The Petitioner/Defendant Phillip Cline's objections to that Report and Recommendation are **DENIED**.

2. Petitioner/Defendant Phillip Cline's claims are **DISMISSED**, with prejudice, and this action is stricken from the Court's docket.

This 28th day of September, 2005.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**
***Danny C. Reeves*** DCR
**United States District Judge**